■ MAURICE A. LEVINE, Respondent, v. WESTCHESTER CONSTRUCTION Co., INC., et al., Appellants.— In two negligence actions subsequently consolidated, the defendant Westchester Construction Co., Inc., appeals from an order of the Supreme Court, Westchester County, dated September 27, 1962, which denied conditionally its motion to dismiss the complaint in the action against it for lack of prosecution; and the defendant Holland Avenue Corporation appeals from an order of said court, dated the same day, which denied conditionally its motion to dismiss the complaint in the action against it for lack of prosecution. Defendants contend that the motions should have been granted and that the complaints should have been dismissed unconditionally. Order reversed, without costs, motions to dismiss the complaints granted unconditionally, and complaints dismissed, without costs. In our opinion, plaintiff failed to show either a reasonable excuse for the inordinate delay in prosecution or that his causes of action are meritorious. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ GIOVANNA MINYARD, Respondent, v. ROBERT MINYARD, Appellant.— In an action by a wife for divorce, in which a judgment had been entered in her favor, the defendant appeals from an order of the Supreme Court, Dutchess County, dated May 22, 1963, which denied his motion to modify the judgment so as to reduce the amount awarded for the permanent support of their son. The defendant sought reduction to an amount below that to which the plaintiff had voluntarily agreed after his remarriage. Order reversed, without costs, and matter remitted to the Special Term for the purpose of: (1) holding a hearing as to whether there has been such a change in the circumstances of the parties since the entry of the judgment as to warrant the relief sought; and (2) the making of a determination *de novo* upon all the proof adduced upon such hearing. In our opinion, the record discloses issues of fact as to the alleged changes in the circumstances of the respective parties; such issues cannot be adequately determined without a hearing. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.